## F. L. WALTON, Plaintiff, v. A. N. HOBSON, Judge, Defendant.

**Intoxicating liquors:** ILLEGAL SALE: DEFENSE OF AGENCY. Where one is in fact the manager of a saloon and the responsible party in charge thereof, he can not avoid the effects resulting from an illegal sale of liquor on the ground that he was acting merely as the agent of another.

**Same:** CONTEMPT: COMMITMENT: SUFFICIENCY OF RECORD. Where a warrant of commitment in contempt proceedings recites that all a hearing before the defendant judge upon an information for contempt the defendant was tried, convicted and sentenced, it sufficiently shows the facts and circumstances on which the court acted.

Same: *Certiorari*: WARRANT OF COMMITMENT. In *certiorari* to review an order of court sentencing plaintiff for contempt, the sufficiency of the warrant of commitment is not involved; since any error therein would be an error of the clerk and not of the court.

*Certiorari to Fayette District Court.*—HON. A. N. HOBSON, Judge.

THURSDAY, APRIL 7, 1910.

THIS is an original proceeding on a writ of *certiorari* to the district court of Fayette County for the review of an order of said court finding the plaintiff to have been guilty of contempt in violating an injunction restraining him from making illegal sales of intoxicating liquors within the Thirteenth judicial district.—*Affirmed.*

*H. P. Hancock,* for plaintiff.

*W. C. Lewis* and *E. R. Acres,* for defendant.

McCLAIN, J.—Three questions are presented in argument: First, as to the sufficiency of proof that this plaintiff, who was found guilty of contempt of court, is the identical person enjoined from making such sales; second, whether the evidence preserved in the proceeding below and presented here in the record is sufficient to sustain the finding of the court that plaintiff had violated said injunction by selling intoxicating liquors in violation of law; and, third, whether the warrant of commitment for the punishment of the plaintiff under such finding of the court is in law sufficient.

I.   It appears that in 1904 two liquor injunction cases were brought in Fayette County by Thomas L. Green, one of them against F. Walton and others, the other against F. L. Walton and others, and in each case the

defendants were perpetually enjoined from the illegal sale of intoxicating liquors within the judicial district. It also appears that personal service of the writ of injunction in each case was made upon F. L. Walton, described as defendant. There is not the slightest doubt under the record as to the identity of the F. L. Walton, who was thus served, and this plaintiff, who was convicted of contempt. We think the evidence is sufficient as to the identity of the F. Walton, who was defendant in the first case, and this plaintiff, but, if that were not so, the contempt proceeding is amply sustained by reference to the second decree in which the defendant is described as F. L. Walton.

II.    There is not the slightest doubt under the evidence that this plaintiff was in charge as owner of a saloon in which intoxicating liquors were sold contrary to law. His contention that he was acting only as agent of the Hamm Brewing Company of Minneapolis in the sale of beer is not made out by the evidence. He may have been in fact such agent, but he was also in fact the manager of the saloon and the responsible party in charge thereof. He furnished the beer, took the proceeds, and caused the mulct tax to be paid. There is no evidence entitled to reasonable consideration that in these respects he was acting for the Hamm Brewing Company. Any other finding than that made by the lower court would have been plainly against the clear and satisfactory evidence presented on the trial.

*1. INTOXICATING LIQUORS: illegal sale: defense of agency.*

III.    By Code, section 4466, it is required that in proceedings for the punishment of contempt the evidence must be in writing, filed and preserved, unless the court or judge acts upon personal knowledge, in which case a statement of the facts upon which the order is founded must be entered on the record of the court, and in the following section it is provided: "When the offender is com-

*2. SAME: contempt: commitment: sufficiency of record.*

mitted the warrant must state the particular facts and circumstances on which the court acted in the premises, and whether the same was in the knowledge of the court or was proved by witnesses." The lower court, after trial on evidence which was duly preserved of record, found this plaintiff guilty of contempt as charged, whereupon a warrant of commitment was issued, signed by the clerk, reciting that at a hearing before the defendant judge upon an information for contempt F. L. Walton was tried and convicted and sentenced to confinement in jail and the payment of a fine. The only objection now interposed is that this warrant does not expressly recite whether the particular facts and circumstances on which the court acted were in the knowledge of the court or were proved by witnesses. The warrant itself recites that he was tried and convicted on information, and this, we think, sufficiently shows that the facts and circumstances were proved by witnesses to the satisfaction of the court. As we have the entire record before us on a complaint that the court acted without authority or illegally in sentencing this plaintiff, we must necessarily find that there was no want of authority or illegality for there was a trial on evidence and a finding in accordance therewith.

This is not a proceeding to be relieved from custody in which the sufficiency of the warrant of commitment might be material. It is a proceeding to have the action 3. SAME: cer- of the court in sentencing this plaintiff an- tiorari: war- nulled, and it is plain that for this purpose rant of commitment. the sufficiency of the warrant of commitment is not involved. If the warrant was insufficient, it was an error of the clerk and not of the court, and is not called in question by the present proceeding.

The judgment of the lower court is therefore *affirmed*.